IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KDC FOODS, INC.,

                                                                             ORDER

                    Plaintiff,

                                                         12-cv-636-bbc

     v.

GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.,
PHILLIP BOHL, DANIEL TENENBAUM,
JENNIFER DASARI, and ATTORNEYS' LIABILITY
ASSURANCE SOCIETY, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff KDC Foods, Inc. is suing defendants Gray, Plant, Mooty, Mooty & Bennett, P.A.; Phillip Bohl; Daniel Tenenbaum; Jennifer Dasari; and Attorneys' Liability Assurance Society, Inc. for fraud, racketeering and legal malpractice. The parties have filed cross motions for summary judgment. Dkt. ##29 & 30. However, questions remain about this court's subject matter jurisdiction because defendants removed the case under 28 U.S.C. 1332 but have not established complete diversity. I cannot consider the merits of the summary judgment motions until defendants show that this court has subject matter jurisdiction. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998)

1

(jurisdiction is a threshold matter that must be established before resolving issues on the merits).

In their removal notice, defendants relied on 28 U.S.C. § 1332, diversity jurisdiction, as the basis for this court's subject matter jurisdiction. Dkt. #1. Diversity jurisdiction requires that (1) plaintiff and defendants are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. From the proposed findings of fact submitted with the parties' motions for summary judgment, it appears that the requirements for diversity jurisdiction have been met, except that the parties do not provide any information about the citizenship of Attorneys' Liability Assurance Society, Inc. to show that it is diverse from plaintiff. Alternatively, no party has argued that Attorneys' Liability Assurance Society, Inc. is a nominal party for which diversity citizenship is not required. Matchett v. Wold, 818 F.2d 574, 576 (7th Cir. 1987).

Because defendants removed this case, they are the proponents of jurisdiction and bear the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Thus, defendants must provide evidence that establishes this court's subject matter jurisdiction over this case before I may proceed.

ORDER

IT IS ORDERED that defendants Gray, Plant, Mooty, Mooty & Bennett, P.A.; Phillip Bohl; Daniel Tenenbaum; Jennifer Dasari; and Attorneys' Liability Assurance Society, Inc. may have until September 12, 2013 to show that this court may exercise subject matter jurisdiction as discussed in this order. If defendants do not respond by that date, I will dismiss the case for lack of subject matter jurisdiction.

Entered this 5th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge